An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JONICA L. BRUNSON,
Appellant,
vs.
AURORA LOAN SERVICES, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY,
Respondent.

No. 58222

FILED

JUL 2 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment in a wrongful foreclosure action. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

This court reviews summary judgments de novo. *Wood v. Safeway, Inc.*, 121 Nev. 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate if the pleadings and other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issues of material fact remain in dispute and that the moving party is entitled to judgment as a matter of law. *Id.* To withstand summary judgment, the nonmoving party cannot rely solely on general allegations and conclusions set forth in the pleadings, but must instead present specific facts demonstrating the existence of a genuine factual issue supporting her claims. NRCP 56(e); *Wood*, 121 Nev. at 731, 121 P.3d at 1030-31.

Appellant argues that respondent failed to comply with NRCP 56(c)'s procedural provisions, thus precluding summary judgment. We disagree. Respondent's summary judgment motion set forth facts that

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21747

were material to the disposition of the motion and included specific citations to the complaint and to exhibits attached to the motion. NRCP 56(c). Although appellant opposed the summary judgment motion, as explained below, the district court properly concluded that she failed to demonstrate specific facts showing a genuine issue for trial. NRCP 56(e).

First, although appellant alleged that respondent qualified as a debt collector under the Federal Debt Collection Practice Act (FDCPA) 15 U.S.C. § 1692 (2012) *et seq.*, and NRS 649.370 (stating that violations of FDCPA are violations of Nevada law and give rise to independent state claims), the FDCPA excludes the servicing of mortgages. *See* 15 U.S.C. § 1692a(6); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Additionally, respondent demonstrated that it was the successor holder of the promissory note based on its possession of the endorsed-in-blank note and its agreements with the beneficiary of the deed of trust. *See Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 258, 260 (2012). Thus, as the note holder, respondent was collecting its own debt and servicing its own mortgage note, and the district court properly entered summary judgment. *See Perry*, 756 F.2d at 1208 (holding that the FDCPA defines a debt collector as a party collecting debts owed to another, which does not include a party attempting to collect an obligation it owns).

Second, although appellant asserted that respondent engaged in unfair lending practices, as the successor holder of the note, respondent did not make a loan to appellant, and could not be held liable for unfair lending practices under NRS 598D.100(1)(b). Thus, the district court properly entered summary judgment on that cause of action.

Third, appellant's claim for quiet title was properly resolved on summary judgment, as severance of the note and deed of trust is not

fatal to the security interest created by the deed of trust. *See Edelstein*, 128 Nev. at ___, 286 P.3d at 260 (permitting severance and independent transfer of deeds of trusts and notes without impairing the ultimate enforceability of the instruments after reunification).

Finally, appellant's cause of action seeking a declaration that the notice of default was null and void was properly rejected as a matter of law. As noted in the order resolving appellant's related appeal arising from a district court order dismissing a petition for judicial review in a foreclosure mediation matter, respondent rescinded the underlying notice of default. *See Brunson v. Aurora Loan Services, LLC*, Docket No. 56899 (Order Vacating Judgment and Remanding, November 15, 2011). Thus, this cause of action is moot and judgment against appellant was therefore proper. Accordingly, we affirm the district court's order.

It is so ORDERED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]We have considered appellant's other arguments on appeal and conclude that they lack merit, and thus, do not warrant reversal.

cc:    Hon. Steven P. Elliott, District Judge
Terry J. Thomas
Houser & Allison, APC
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A